| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |
| ARTHUR BOWLSON,<br><br>            Plaintiff,<br><br>v.<br><br>BUREAU OF PRISONS,<br><br>            Defendant. | 1:19-cv-00974-EPG (PC)<br><br>THIRD ORDER DIRECTING PLAINTIFF TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE<br><br>(ECF Nos. 6, 11)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO CONVERT THIS CASE TO A PROCEEDING UNDER 28 U.S.C. § 2241<br><br>(ECF No. 16)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUESTS TO APPOINT COUNSEL AND FOR COPIES<br><br>(ECF No. 16)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a federal prisoner proceeding *pro se* in a civil rights action pursuant to *Bivens vs. Six Unknown Agents*, 403 U.S. 388 (1971). Plaintiff has not paid the $400.00 filing fee, or submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On July 18, 2019, the Court issued an order directing Plaintiff to submit, within 45 days, a completed and signed application to proceed *in forma pauperis* or, in the alternative, to pay the $400 filing fee for this action. The Court warned that failure to comply with the order would result in the dismissal of this action. (ECF No. 6.)

On August 5, 2019, Plaintiff filed a motion for preliminary injunction (ECF No. 7).

1

Plaintiff did not, however, file a completed and signed application to proceed *in forma pauperis* or pay the $400 filing fee as required by the Court. Accordingly, on October 3, 2019, the Court entered findings and recommendations recommending that this action be dismissed for Plaintiff's failure to comply with the Court's order requiring him to either file a completed and signed application to proceed *in forma pauperis* or pay the $400 filing fee. (ECF No. 11.)

On October 7, 2019, Plaintiff filed a motion to amend his complaint. (ECF No. 14.) However, Plaintiff still had not complied with the Court's order requiring him to file a completed and signed application to proceed *in forma pauperis* or pay the $400 filing fee.

In an order entered on October 16, 2019, the Court denied without prejudice the motion to amend the complaint. Further, because Plaintiff had indicated in his motion to amend that he may not have received all of his legal mail, out of an abundance of caution, the Court provided Plaintiff with a final opportunity to either file a completed and signed application to proceed *in forma pauperis* or pay the $400 filing fee. (ECF No. 15.) The Court explained that this action cannot proceed unless Plaintiff either pays the $400 filing fee or is allowed to proceed *in forma pauperis*, and that Plaintiff will not be allowed to proceed *in forma pauperis* until he submits a completed and signed application to proceed *in forma pauperis* that makes the requisite showing under 28 U.S.C. § 1915(a). (*Id.*) The Court provided Plaintiff with an application to proceed *in forma pauperis*, a copy of the Court's previous order directing Plaintiff to file an *in forma pauperis* application or pay the filing fee, and a copy of the Court's findings and recommendations, recommending that this action be dismissed for failure to prosecute. (*See* ECF No. 15 (citing ECF Nos. 6, 11.)

**A. Failure to File Application to Proceed *In Forma Pauperis***

On October 29, 2019, Plaintiff filed a response to the Court's second order to submit an application to proceed *in forma pauperis* or pay the $400 filing fee. (ECF No. 16.) In this response, which is three full handwritten pages, Plaintiff states that he cannot afford to pay the filing fee. (*Id.*) Plaintiff also gives various explanations for his failure to comply with the court's orders. (*Id.*) For example Plaintiff states he "does not seek to abandon/forfeit his claim. However, the filing fee agreement contract is arduous." (*Id.*) This, and the other explanations Plaintiff

2

provides, does not adequately explain why Plaintiff, who has the ability to write and submit three full handwritten pages in response to the Court's order, is unable to comply with that order by completing the application to proceed *in forma pauperis*, which is a simple two-page form asking Plaintiff to provide very basic financial information. The Court will, however, give Plaintiff one final opportunity to file an application to proceed *in forma pauperis* or pay the $400 filing fee. **No further opportunities will be provided**.

### B. Request to Convert Case to § 2241 Proceeding

Plaintiff requests that this action be converted to a § 2241 proceeding, explaining that he never intended to bring a claim under *Bivens vs. Six Unknown Agents*, 403 U.S. 388 (1971), but that he instead wants to bring a "2241 conditions of confinement" action, and that Plaintiff "merely sought to make a claim upon which relief could be granted due to the myriad and continued 8th Amendment violations." The Court will deny Plaintiff's request.

A *Bivens* action is the proper remedy for a federal prisoner making constitutional challenges to the conditions of his confinement. *See Bivens*, 433 U.S. 388. In contrast, challenges to the fact of confinement, or the duration of that confinement, are properly brought in a proceeding under 28 U.S.C. § 2241. Plaintiff does not state that he is challenging the fact or duration of his confinement, but instead states that he is challenging the conditions of his confinement. A cursory review of Plaintiff's complaint confirms that he is challenging the conditions of his confinement. Accordingly, an action under *Bivens* is appropriate and the Court will deny Plaintiff's request to convert this proceeding into a § 2241 proceeding. However, if Plaintiff wishes to dismiss this *Bivens* action, he may do so by filing a notice with the Court stating that he wants to voluntarily dismiss his case.

### C. Request for Appointment of Counsel

Plaintiff also requests appointment of counsel, contending that it "would be a miscarriage of justice not to appoint counsel." The Court will deny the request without prejudice.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for*

*the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. *Id.*

### D. Request for Copies

Plaintiff also makes a request for copies, but it is not clear exactly what he wants copies of. Plaintiff states: "Lastly Petitioner asks for a copy of filing, yes one – the original was sent, however while in transit it was lost." Because it is unclear to what "filing" Plaintiff is referring, the Court will deny the request for copies. However, the Court will direct the Clerk of the Court to again provide Plaintiff with the findings and recommendations previously issued by the Court, recommending that this action be dismissed for Plaintiff's failure to prosecute (ECF No. 11); a copy of the Court's two previous orders directing Plaintiff to either file an *in forma pauperis* application or pay the filing fee (ECF Nos. 6, 15); and an application to proceed *in forma pauperis*.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to convert this case to an action under 28 U.S.C. § 2241 is DENIED.

2. Plaintiff's request to appoint counsel is DENIED without prejudice;

4

3. Plaintiff's request for copies is DENIED without prejudice;

4. The Clerk of the Court is directed to send Plaintiff the following:

    a. an application to proceed *in forma pauperis*;

    b. a copy of the Court's previous orders directing Plaintiff to file an *in forma pauperis* application or pay the filing fee (ECF Nos. 6, 15); and

    c. a copy of the Court's findings and recommendations, recommending that this action be dismissed (ECF No. 11); and

5. Within thirty (30) days of the date of service of this order, Plaintiff shall submit the attached application to proceed *in forma pauperis*, completed and signed, or, in the alternative, pay the $400.00 filing fee for this action. **Failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated: **November 21, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE