UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR BOWLSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUREAU OF PRISONS,<br><br>　　　　Defendant. | No. 1:19-cv-00974-DAD-EPG (PC)<br><br>ORDER ADOPTING FINGINDS AND RECOMMENDATIONS<br><br>(Doc. No. 11) |

Plaintiff Arthur Bowlson is a federal prisoner proceeding *pro se* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 3, 2019, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed without prejudice due to plaintiff's failure to prosecute this case and his failure to comply with the court's orders to pay the required filing fee or submit a completed and signed application to proceed *in forma pauperis*. (Doc. No. 11 at 3.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id*.) Plaintiff has submitted several filings in response to the pending findings and recommendations, which the assigned magistrate judge has addressed in two subsequent orders on October 16, 2019 and November 21, 2019, and in which plaintiff is again directed to pay the required filing fee or

1

submit a completed and signed application to proceed *in forma pauperis*. (Doc. Nos. 15, 17.) The magistrate judge gave plaintiff "one final opportunity" to do so, warning him that "no further opportunities will be provided." (Doc. No. 17 at 3.) Moreover, the magistrate judge specifically warned that plaintiff's action would be dismissed if he failed to pay the required filing fee or submit the application to proceed *in forma pauperis* within the specified time. (*Id*.) Plaintiff still has not complied with the court's orders directing him to pay the required filing fee or submit an application to proceed *in forma pauperis*. Instead, plaintiff merely filed "responses" to the court's orders.

On October 29, 2019, plaintiff filed a "Motion to Rescind Alleged Bivens Action & Instead File 2241, due to conditions of confinement." (Doc. No. 16.) Although the magistrate judge had already addressing this filing in the November 21, 2019 order denying plaintiff's request to convert this action to a proceeding under 28 U.S.C. § 2241, request for appointment of counsel, and request for copies (Doc. No. 17), the undersigned has also reviewed plaintiff's October 29, 2019 filing out of an abundance of caution and will construe the arguments raised therein as objections to the pending findings and recommendations. Therein, plaintiff contends that he cannot afford the filing fee and that he was not seeking to abandon or forfeit his claim, but that the "filing fee agreement contract is arduos [sic]," that he "does not have any out-side financial resources," and that although he is employed at U.S. Penitentiary Pollock, "due to the continued lock-downs, without work he will receive no pay." (Doc. No. 16 at 1–2.) Plaintiff also requested that he be allowed to "relabel" his claim "as a 2241, conditions of confinement" because he did not intend to file a *Bivens* action but "merely sought to make a claim upon which relief could be granted due to the myriad and continued 8th Amendment violations." (*Id*. at 2.)

On January 6, 2020, plaintiff filed a document titled "Response to Court's Order to Submit Application to Proceed In Forma Pauperis or Pay Filing Fee . . .." (Doc. No. 18.) The undersigned has reviewed this filing and also construes the arguments raised therein as objections to the pending findings and recommendations. There, plaintiff contends that his complaint was mistakenly construed as a *Bivens* action and the magistrate judge erred in refusing to convert his case to a proceeding under 28 U.S.C. § 2241. (*Id*. at 1–2.) Plaintiff also argues that the

magistrate judge is seeking to compel him to either pay the $400 filing fee up front or enter into an agreement to pay the $400 filing fee through payments out of his prisoner account. (*Id*. at 1–3.) Plaintiff also objects to the magistrate judge's denial of his request for appointment of counsel and to provide plaintiff with copies. (*Id*. at 3–4.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that the pending findings and recommendations are supported by the record and proper analysis.

First, the undersigned concludes that the magistrate judge correctly denied plaintiff's request to convert his action to a § 2241 proceeding because plaintiff is attempting to challenge the conditions of his confinement through this action and thus proceeding under § 2241 is inappropriate. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Second, to proceed with this civil rights action, plaintiff must either pay the filing fee up front or file an application to proceed *in forma pauperis*, and if that application is approved, pay the filing fee out of his prisoner account as required by 28 U.S.C. § 1915(a), (b). Plaintiff has been given multiple opportunities to comply with these prerequisites, and he has failed to do so. Third, the magistrate judge correctly denied plaintiff's requests for appointment of counsel and to provide him copies as premature because he has not yet complied with the requirements of § 1915 to proceed with this action. The court concludes that plaintiff's objections provide no basis upon which to reject the pending findings and recommendations.

Accordingly:

1. The findings and recommendation issued on October 3, 2019 (Doc. No. 11) are adopted in full;

/////
/////
/////
/////
/////

2. This action is dismissed, without prejudice, due to plaintiff's failure to pay the required filing fee and failure to obey a court order; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 11, 2020**

UNITED STATES DISTRICT JUDGE